1 Weaver Stipulation Bankruptcy Case # 22-10321 - AMC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Nathan J. Weaver [inadvertently referred to as "Amber Weaver" in the Motion for Relief filed 08/08/22]<br>　　　　Debtor,<br><br>Nationstar Mortgage LLC as servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-3, Mortgage Pass-Through Certificates, Series 2007-3<br>　　　　Movant.<br>v.<br><br>　　　Nathan J. Weaver Debtor/Respondent,<br><br>Scott Waterman, Trustee<br>　　Additional Respondent. | BANKRUPTCY CASE NUMBER<br>22-10321 - AMC<br><br>CHAPTER 13<br><br>11 U.S.C. § 362 |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other

good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it

is hereby stipulated and agreed to by and between the  Debtor and Nationstar Mortgage LLC as

servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of

America, National Association, as Trustee, successor by merger to LaSalle Bank National

Association, as Trustee for First Franklin Mortgage Loan Trust 2007-3, Mortgage Pass-Through

Certificates, Series 2007-3 ("Movant"), through Counsel as follows:

　　　1.　　　This Stipulation shall govern all post-petition payments due and owing to Movant,

including those that fall due after the arrears, as set forth below, are cured.

2 Weaver Stipulation Bankruptcy Case # 22-10321 - AMC

2.      The post-petition arrearages on the mortgage held by Movant on Debtor's

property at 6004 Axe Handle Road, Quakertown, PA 18951 (the "Property"), are $5,885.56. The

breakdown of the arrears is as follows:

| | |
|---|---|
| Post-Payments from 10/01/2022 to 01/31/23 at $1,161.89 each | $4,647.56 |
| Bankruptcy Fees | $1,050.00 |
| Bankruptcy Costs | $188.00 |

3.      If Debtor provides proof of negotiated payments not already credited, they will

receive credit for those payments.

4.      Debtor shall cure the arrearages in the following manner:

(a)      The balance of the arrears, to-wit, $5,885.56, shall be cured by the Debtor in six

(6) consecutive payments commencing on February 15, 2023. The Debtor shall pay the sum of

$980.92 for five (5) consecutive months and a payment of $980.96 for one (1) month  until the

arrears are cured, together with the regular monthly mortgage payment.

(b)      Debtor shall resume making the regular monthly mortgage payments on February

1, 2023 in the amount of $1,161.89, or as same may be adjusted from time to time.

(c)      Should Debtor's regular monthly payment amount change, Debtor shall be

notified of such change, and the monthly payment amount due under the terms of the Stipulation

shall change accordingly;

(d)      All payments to Movant shall include the Loan No. written on the face thereof,

and shall be made directly to Attention: Nationstar Mortgage Bankruptcy Department, PO Box

619094 Dallas, TX 75261-9741;

(e)      All payments made pursuant to this Stipulation and Order shall be applied first to

reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this

3 Weaver Stipulation Bankruptcy Case # 22-10321 - AMC

motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5.    In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6.    In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7.    Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8.    Debtor agree that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

4 Weaver Stipulation Bankruptcy Case # 22-10321 - AMC

The parties request that this Honorable Court approve this stipulation.

Dated: _____02/17/2022_____          */s/ Lorraine Gazzara Doyle*
                                       Christopher A. DeNardo 78447
                                       Lorraine Gazzara Doyle  34576
                                       Attorney for Movant


Dated: Feb. 10, 2023          _____
                                       Jeffrey C. McCullough, Esquire, Bond &
                                       McCullough
                                       Attorney for Debtor, Nathan Weaver


Dated: _____          _____
                                       Amber Weaver

Dated: _____02/15/2023_____          /s/Ann E. Swartz With express permission
                                       _____
                                       Scott Waterman
                                       Trustee


        AND NOW, this _____ day of _____, 2023, it is hereby
ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this
Court.


                              BY THE COURT:


                              _____
                              HONORABLE ASHELY M. CHAN
                              UNITED STATES BANKRUPTCY JUDGE